**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

KEVIN A. BOXLEY,

        Petitioner,

v.                                           CIVIL ACTION NO. 1:06CV8
                                                  (Judge Keeley)

THOMAS McBRIDE, Warden,

        Respondent.

**REPORT AND RECOMMENDATION**
**28 U.S.C. § 2254**

## I. INTRODUCTION

On January 12, 2006, *pro se* petitioner, Kevin A. Boxley [hereinafter referred to as "Boxley"] filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

This matter is pending before me for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2254 (Standing Order No. 5), LR PL P 83.13.

## II. FACTS

### A. Conviction

On March 25, 1999, following a jury trial, Boxley was found guilty of aggravated robbery and fleeing an officer. On May 24, 1999, he was sentenced to forty years. Thereafter, Boxley filed an Appeal with the West Virginia Supreme Court of Appeals which was refused on March 8, 2000. He did not file a petition for certiorari in the United States Supreme Court.

## B. State Habeas Corpus

Boxley filed a writ of habeas corpus in the Circuit Court of Jackson County on March 29, 2000, alleging ineffective assistance of counsel, trial court error, prosecutorial misconduct, and excessive sentence. Following an evidentiary hearing, the Circuit Court denied him relief on April 24, 2003. Boxley did not appeal this decision.

In addition to filing a petition for writ of habeas corpus in the Circuit Court of Jackson County, Boxley filed a petition for habeas corpus on August 29, 2005, under the original jurisdiction of the West Virginia Supreme Court of Appeals. The ground raised in the petition was "extraordinary dereliction by the State of West Virginia." By order dated October 6, 2005, the West Virginia Supreme Court remanded the matter to the Circuit Court with instructions.

## C. Federal Habeas Corpus

Boxley raises only one ground for relief in his petition: denial of due process under the 14th Amendment. As supporting facts, he alleges that the West Virginia Supreme Court of Appeals denied him an evidentiary hearing on his original jurisdiction habeas corpus petition and then remanded the case to a court without jurisdiction.

## D. Recommendation

As discussed below, it is recommend that the petition be denied as untimely.

## III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The limitations period under 28 U.S.C. § 2244 is an affirmative defense. A district court has the power to raise the limitations defense of § 2244 *sua sponte*. Hill v. Braxton, supra. When a federal habeas court, prior to trial, perceives a *pro se* § 2254 petition to be untimely, and the state has not filed a motion to dismiss based on the one-year statute of limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1). Id. at 707.

Boxley does not assert that the Government impeded the filing of his §2254 petition, that the Supreme Court created a newly recognized constitutional right which was made retroactive or

3

that there are newly discovered facts. Therefore, the date on which Boxley's's judgment became final is relevant in determining the statute of limitations.

Boxley was sentenced on May 24, 1999, and the West Virginia Supreme Court denied his Appeal on March 8, 2000. He did not file a petition for certiorari in the United States Supreme Court. Therefore, the one year period of limitation began to run on June 6, 2000, upon the ninety day expiration for filing a petition for certiorari.[1]

The undersigned recognizes that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Boxley filed his first state habeas corpus petition on March 29, 2000, before the limitation period began to run. The limitation period was tolled until April 24, 2003, when the Circuit Court denied his writ of habeas corpus. Therefore, Boxley had until April 25, 2004 to file his federal habeas corpus petition pursuant to § 2254, absent some further tolling of the limitation period. However, he did not file his § 2254 petition until January 12, 2006, well beyond the one year period of limitations under AEDPA. Although Boxley filed a petition for habeas corpus on August 29, 2005, under the original jurisdiction of the West Virginia Supreme Court of Appeals, that

---

[1]The day the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435,439 (4th Cir. 2000).

petition was filed after the limitations period expired and does not alter the untimeliness of his § 2254 petition.

It is undisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1). Therefore, there is no duty to warn Boxley prior to entry of this Report and Recommendation.

## V. RECOMMENDATION

It is recommended that the petition of Boxley filed pursuant to 28 U.S.C. §2254 be DENIED and DISMISSED WITH PREJUDICE because it is untimely.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Recommendation to Boxley.

Dated: February 15, 2006

/s *John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**