IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MAY **1 2** 2006

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

KEVIN A. BOXLEY,

     Petitioner

v.          //      CIVIL ACTION NO. 1:06CV8
                       (Judge Keeley)

THOMAS McBRIDE, Warden

     Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 12, 2006, pursuant to 28 U.S.C. §2254, pro se petitioner Kevin A. Boxley ("Boxley") filed a petition for Writ of Habeas Corpus by a Person in State Custody. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2254 (Standing Order No. 5) and in accordance with Local Rule of Prisoner Litigation 83.13.

After reviewing Boxley's petition, Magistrate Judge Kaull filed a Report and Recommendation on February 15, 2006, recommending that the Court dismiss Boxley's petition as untimely. On February 27, 2006, Boxley timely filed his objections to the Magistrate Judge's Report and Recommendations.

The Court has reviewed the record before it and has conducted a de novo review of all matters before the Magistrate Judge in considering the petition. It appears to the Court that the

recommendation of the Magistrate Judge to dismiss the petition as untimely accurately reflects the law applicable to the facts and circumstances before the Court in this present situation.

### I. FACTUAL BACKGROUND

On May 24, 1999, Boxley was sentenced by the Circuit Court of Jefferson County, West Virginia to serve a term of forty years of imprisonment. Boxley is currently incarcerated at the Mount Olive Correctional Complex in Mount Olive, West Virginia.

Boxley directly appealed his sentence to the West Virginia Supreme Court of Appeals, which refused to hear his appeal on March 8, 2000. He did not file a petition for writ of certiorari in the United States Supreme Court. Boxley, however, did file a petition for writ of habeas corpus in the Circuit Court of Jefferson County on March 29, 2000. Following an evidentiary hearing, the circuit court denied Boxley's petition on April 24, 2003. Boxley did not appeal the circuit court's denial of his petition for habeas corpus.

On August 29, 2005, Boxley filed a petition for habeas corpus pursuant to the original jurisdiction of the West Virginia Supreme Court of Appeals, alleging "extraordinary dereliction by the State of West Virginia." The West Virginia Supreme Court of Appeals remanded the matter to the Jefferson County Circuit Court by an order dated October 6, 2005. Three months later, pursuant to 28

## ORDER ADOPTING REPORT AND RECOMMENDATION

U.S.C. § 2254, Boxley filed a Petition For Writ Of Habeas Corpus By

A Person In State Custody with this Court, in this Court.

## II. ANALYSIS

The issue before the Court is whether Boxley's federal habeas

petition is barred by the one-year statute of limitations set forth

in 28 U.S.C. §2244(d)(1). If the petition is barred by the statute

of limitations, the Court need not address the substantive issues

raised in the petitioner's Writ of Habeas Corpus.

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28

U.S.C. 2244(d), provides the following:

> (1) A one-year period of limitation shall
> apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the
> judgment of a State court. The limitation
> period shall run from the latest of-
>
> (A) the date on which the judgment became
> final by the conclusion of direct review or
> the expiration of the time for seeking such
> review;
> (B) the date on which the impediment to
> filing an application created by State action
> in violation of the Constitution or laws of
> the United States is removed, if the applicant
> was prevented from filing any such State
> action;
> (C) the date on which the constitutional
> right asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on
> collateral review; or
> (D) the date on which the factual
> predicate of the claim or claims presented

> could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In calculating the expiration date of the one-year limitations period, the AEDPA excludes "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment is pending." Id. § 2244(d)(2). The limitation period also does not include the day of the event that triggers the period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2002); Fed. R. Civ. P. 6(a).

In Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit Court of Appeals provided guidance on the applicability of the AEDPA's one-year limitations period to federal habeas petitions holding that "the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court." Id. at 327. Simply, the one-year limitations period is tolled during the pendency of a collateral review of a judgment of conviction by the state court.

Furthermore, the Fourth Circuit has recognized that the time for seeking direct review of a state court conviction concludes when either the period for filing a writ of certiorari in the

4

<u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>

United States Supreme Court expires or such writ is denied by the United States Supreme Court. <u>Id.</u> at 328. If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so – 90 days – has elapsed <u>Id.</u> at 328 n.1.

Boxley was sentenced on May 24, 1999, and the West Virginia Supreme Court denied his direct appeal on March 8, 2000. He did not file a petition for writ of certiorari in the United States Supreme Court. Accordingly, the one-year limitations period began to run on June 6, 2000, upon the ninety day expiration for filing a petition for certiorari. The one-year limitations period, however, was tolled from March 29, 2000 until April 24, 2003 during the pendency of his petition for writ of habeas corpus filed in the Circuit Court of Jefferson County, West Virginia. Accordingly, Boxley was required to file his federal habeas corpus petition by no later than April 25, 2003. However, he failed to file his federal habeas petition until January 12, 2006.

In the petitioner's objections to Magistrate Judge Kaull's Report and Recommendation, Boxley asserts that he spent over two years trying to obtain his right to appeal his first state habeas petition. Boxley does not allege that any State action prevented him from filing his federal petition for writ of habeas corpus under 28 U.S.C. §2254; thus the start of the statute of limitations

period was not delayed under Section 2244(d)(1)(B). However, it appears as though Boxley is arguing that the one-year limitations period should be tolled between April 24, 2003 and October 6, 2005 because the State prevented him from appealing the denial of his initial state habeas petition. Thus, the instant petition, filed on January 12, 2006, is clearly untimely and cannot be entertained by this Court unless Boxley can establish that he is entitled to equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

The Fourth Circuit has held that the time restriction in Section 2244(d) is subject to equitable tolling. Id. at 329-30. The doctrine of equitable tolling generally is appropriate in two distinct situations, either "[w]here the plaintiff was prevented from asserting his claim by some wrongful conduct on the part of the defendant or where extraordinary circumstances beyond plaintiff's control made it impossible to file the claims on time." Id. at 330. In Harris, the Fourth Circuit cautioned, however, that "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Id.

Boxley's petition merely states, "(First Petition) - Petitioner denied his right to appeal," and his objections only assert a

conclusory allegation that the State prevented him from filing any appeal until the Attorney General for the State of West Virginia acknowledged that he had a right to appeal on September 13, 2005. Neither Boxley's petition nor his objections indicates when or how he attempted to appeal his first state habeas petition, which was denied by the Circuit Court of Jefferson County on April 23, 2003. Boxley also fails to explain or to produce any documentation to show who prevented him, and, specifically, how he was prevented, from filing any appeal.

However, both his objections and petition establish that he had the ability to file a petition for habeas corpus under the original jurisdiction of the West Virginia Supreme Court of Appeals on August 29, 2005, over one year after the limitations period ran on his federal habeas petition.[1] Accordingly, Boxley has failed to meet the high standard necessary for equitable tolling because he has failed to establish any wrongful conduct or extraordinary circumstances beyond plaintiff's control that made it impossible to file his claims on time. Harris, 209 F.3d at 330.

### III. CONCLUSION

In short, Boxley's § 2254 petition is untimely and cannot be salvaged by equitable tolling principles.  Accordingly, the Court

---

[1] Boxley's petition indicates that the West Virginia Supreme Court remanded the matter to the state circuit court with instructions on October 6, 2005.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**ADOPTS** the Magistrate Judge's Report and Recommendation, **DISMISSES WITH PREJUDICE** Boxley's petition, and **DIRECTS** the Clerk to strike this case from its docket.

It is so **ORDERED**.

The Clerk is directed to transmit certified copies of this Order to the petitioner and counsel of record.

DATED: May _____ *12* _____, 2006


IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE